UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-cv-22164-KMM

ADACIA H. DOUGLAS,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

    **THIS CAUSE** is before the Court upon Plaintiff's Motion to Reopen Case (ECF No. 13). The matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, for ruling on all pre-trial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters (ECF No. 2). Having considered the Motion, the record, the applicable law, and being otherwise duly advised in the premises, the undersigned **RECOMMENDS** that Plaintiff's Motion be **DENIED**.

**I.     BACKGROUND**

    On May 28, 2019, *pro se* Plaintiff Adacia Douglas filed a Complaint against the Social Security Administration ("SSA"), alleging that Plaintiff was unfairly denied Social Security benefits. In her complaint, Plaintiff described the relief she seeks as back pay wages and punitive monetary damages in the amount of $1,000,000.00. (ECF No. 1, ¶ IV). Plaintiff contemporaneously filed an Application to Proceed *in Forma Pauperis* ("Application") (ECF

No. 3). Upon review of the Application, the undersigned recommended that Plaintiff's Application to Proceed *in Forma Pauperis* be denied, and the Complaint be dismissed with leave to amend. On July 12, 2019, Judge Federico A. Moreno adopted the undersigned's Report and Recommendation dismissing the case and denying all pending motions as moot. On February 19, 2020, the Court further denied Plaintiff's Motions for Extension of Time to File Appeal (ECF No. 9), Motion to Amend Complaint (ECF No. 10), and Motion for Permission to File Late Motion (ECF No. 11). On August 30, 2022, Plaintiff filed the instant Motion to Reopen Case.

The Eleventh Circuit Court of Appeals has acknowledged that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). This includes dismissal of a suit if plaintiff fails to prosecute, in order to prevent undue delays in the disposition of cases and avoid congestion in the calendars of the District Court. *Id.*

Plaintiff's Motion functionally seeks reconsideration of the Order of dismissal. Generally, reconsideration may be warranted upon an intervening change in controlling law; the availability of new evidence; or the need to correct clear error or to prevent manifest injustice. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Seminole Tribe of Fla. v. Biegalski*, 2018 WL 1902838, at *1 (S.D. Fla. Apr. 20, 2018); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Importantly, in the interests of finality and conserving judicial resources, reconsideration of a prior order is an extraordinary remedy to be employed sparingly. *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside

the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). Moreover, "the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997); *see also Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) ("[a] motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment" (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007))).

Plaintiff has not identified any change in the law nor new evidence for this Court's consideration. Plaintiff contends that, following the filing of the undersigned's Report and Recommendation in June of 2019, her "email was hack[ed] by local police" and her physical mail was not being delivered to her "thanks to the city of Miami police orderin[g] Camilos homeless shelter to not give [Plaintiff] any of [her] mail." (ECF No. 13 at 1). She further avers that the local police arrested her, thereby preventing her from being present for this case.[1]

Plaintiff further avers that SSA staff altered her files initially stating that Plaintiff was approved for SSA benefits. Plaintiff proffers that in 2015, she visited a local branch of the SSA and claims that "they decided to [commit] fraud and keep my check from disability that was

---

[1] In the Motion, Plaintiff provides a case number (#F19000901). Upon a search for this case on the Miami-Dade County Clerk of the Court's website, a case bearing such number was located with Adacia Howard Douglas listed as the defendant. Although this finding corroborates Plaintiff's claim that she was arrested and charged in Miami-Dade County, that case was filed January 15, 2019—well before Plaintiff filed the instant case on May 28, 2019. Thus, the Court is unable to accept Plaintiff's contention that she would "not be present for this case" because Plaintiff successfully filed a Complaint, Application for Leave to Proceed *in Forma Pauperis*, and Motion for Referral to Volunteer Attorney Program well after proceedings began in the underlying criminal case in state court.

already printed out to me." (*Id.* at 3). Plaintiff further presents criminal accusations, including criminal misconduct on the part of the SSA and assertions that the SSA was involved in stealing Plaintiff's "check." (*Id.*). Plaintiff argues that "this is why back pay is warranted with punitive damages." (*Id.*).

Plaintiff also avers that she is entitled to "funds from [a] prior payment plan [where] [Plaintiff] was [a]pproved for this same disability assistance. But the Administrative office did not send [Plaintiff] all [of] the money [Plaintiff] was [entitled] to for each Month." (*Id.*).

A motion for reconsideration should raise new issues, not merely address issues litigated previously. *Instituto de Prevision Militar v. Lehman Bros.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted). A motion for reconsideration should also not be used to argue issues that should have been presented initially, *Parker v. Esper*, 2020 WL 4480739, at * 1 (N.D. Fla. Aug. 4, 2020), and should not be used simply to ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F. 3d 1327, 1344 (11th Cir. 2010).

The Motion to Reopen appears to assert a number of new and unrelated claims, which if Plaintiff has a basis to bring in federal court, should be asserted in a new lawsuit. For example, Plaintiff contends that the local police hacked her phone, that she was beaten by U.S. Marshals, and that the SSA altered her files. *See generally* (ECF No. 13). However, these claims have no bearing on the instant Motion because they do not address the deficiencies in Plaintiff's Complaint and Application, including Plaintiff's failure to state a claim upon which I based my recommendation of dismissal.

For purposes of this Motion, Plaintiff contends that there was indeed a final decision by the Commissioner on her application for benefits. Although Plaintiff now acknowledges that the

4

decision denying her application for disability benefits was final, she provides no further context or evidence in support to indicate what the decision was, when this decision occurred, or for what purpose a decision was rendered. Also, the district court denied Plaintiff's prior Motion to Amend Complaint (ECF No. 12), in which she presented the same argument.

Even if the Court considered the decision of the Commissioner final, the outcome would not change. Plaintiff has failed to address the deficiencies in her Complaint, including her improper request for back pay wages and punitive monetary damages. In fact, Plaintiff's Motion improperly argues that she is still entitled to back pay wages and punitive monetary damages.

Plaintiff also contends that the SSA has failed to pay her for disability benefits she was already entitled to receive based upon a prior approval for disability assistance. However, this claim is unrelated and separate from the claims underlying her Complaint. Plaintiff seeks to recover money allegedly owed to her by the SSA; however, the purpose of 42 U.S.C. § 405(g) is to challenge a final decision of the Commissioner of Social Security after a hearing to which Plaintiff was a party—not to seek back pay and money allegedly owed based upon a prior approval for benefits in 2009.

Plaintiff's Motion simply restates arguments that she has already presented to this Court in her Application for Leave to File *in Forma Pauperis* and Complaint, which the Court found deficient, leading me to recommend a denial of the Application and dismissal of the Complaint. Plaintiff's "new claims," which mirror those found in Plaintiff's Motion to Amend Complaint and Motion to File Late Motion, do not constitute sufficient new material evidence to support a motion for reconsideration. Based upon the existence of the deficiencies in this Motion, I recommend against reopening this case on the basis that there are no valid grounds for reconsideration.

## II.    CONCLUSION

Accordingly, it is hereby **RECOMMENDED** that Plaintiff's Motion be **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the Parties have **FOURTEEN (14) DAYS** from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the Parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 6th day of October, 2022.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE